# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEN JOHNSON, | ) | |
|   Plaintiff, | ) ) ) | |
| -vs- | ) ) | Case No. CIV-20-0453-F |
| ANDREW SAUL, Commissioner of the Social Security Administration, | ) ) ) ) | |
|   Defendant. | ) | |

## ORDER

Plaintiff Ben Johnson brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act.

The Report and Recommendation of Magistrate Judge Gary M. Purcell dated May 27, 2021 (the Report, doc. no. 25) recommends reversing and remanding the decision of the Commissioner for further administrative proceedings. The gist of the Report is that the administrative law judge erred: 1) by conflating the concepts of severity and duration at step two, likely compromising the remaining steps of the evaluation; and 2) by relying on plaintiff's failure to seek the specialized medical treatment which was prescribed for him upon his release from the hospital, without

having addressed the reason for this failure.[1] In support of the latter finding, the Report cites Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993). Thompson sets out factors which should be considered before an ALJ may rely on a claimant's failure to pursue treatment or take medication as support for a determination of non-credibility. *Id*. at 1490.

The Commissioner of the Social Security Administration objects to the Report and to the recommendation that the case be reversed and remanded for further proceedings. Doc. no 26.

After *de novo* review of the Commissioner's objections, the court agrees with the result recommended in the Report. The court does so based primarily on the ALJ's failure to inquire about and establish the reason why plaintiff did not seek the recommended medical treatment. Plaintiff's testimony indicates he did not seek the specialized medical treatment due to a lack of funds. The ALJ refers to this failure and uses it to support her findings of nondisability and that plaintiff's complaints regarding his symptoms were inconsistent with the medical evidence. AR, doc. no. 12-2, pp. 25-26. The ALJ states, for example, that with the exception of the November 2017 hospitalization, "there is no evidence in the file during the relevant period that the claimant sought treatment from a cardiologist, hematologist, vascular surgeon, or pain management specialist[,] suggesting that the claimant's condition did not require specialized care examinations." *Id*. at p. 25. Shortly thereafter, the

---

[1] The Report states that upon discharge from the hospital, plaintiff was directed to follow up with the hematologist, the nephrologist or the cardiologist, but that plaintiff did not do so because, as he explained at the hearing, he did not have sufficient funds to pay for such medical treatment. Doc. no. 25, p. 9. At the hearing, when plaintiff was asked how he was being treated for his pain issue, plaintiff answered, "I have to deal with it. I can't afford [to] go seeing no doctor." AR 50.

ALJ notes that "the claimant's alleged limitations from his peripheral vascular disease status post stent placement in the left common iliac artery are not wholly consistent with the medical evidence." *Id*. at p. 26. Despite the ALJ's reliance on plaintiff's failure to seek the specialized medical treatment after his hospitalization, the ALJ never addresses plaintiff's inability to pay for such treatment.

Conclusion

Upon review, the court **DENIES** the Commissioner's objections to the Report, and **ACCEPTS** and **AFFIRMS** the Report's recommendation. In accordance with that recommendation, the decision of the Commissioner is **REVERSED**, and this case is **REMANDED** for further administrative proceedings.

IT IS SO ORDERED this 6th day of July, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0453p001.docx